CASE 97—ACTION BY J. M. FORSYTHE'S EXECUTORS AGAINST THE SOUTHERN RAILWAY IN KENTUCKY, FOR DAMAGES, FOR NEGLIGENTLY KILLING A COLT.—OCTOBER 12.

# Southern Railway in Ky. v. Forsythe's Ex'rs.

APPEAL FROM MERCER CIRCUIT COURT—M. C. SAUFLEY, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. AFFIRMED.

APPEAL—SUCCESSIVE VERDICTS—REVIEW.

Where, in an action against a railroad for killing a colt, the evidence was wholly circumstantial, a second verdict in favor of plaintiff, sustained by the trial judge, will not be set aside on appeal as against the evidence.

HUMPHREY, BURNETT & HUMPHREY, ATTORNEYS FOR APPELLANT.

1. We submit that after this case has been once tried and a verdict rendered for $600 damages, for the killing of a colt by ap-

Southern Railway in Kentucky v. Forsythe's Ex'r's.

pellant's train, which verdict on appeal was reversed on the ground that it was palpably against the weight of the evidence, where upon a second trial, upon substantially the same evidence, a verdict was rendered for $1,200 damages, it ought not to be allowed to stand.

2. The evidence for the appellee entirely failed to show that the colt was killed by a train, and appellant's evidence proved conclusively that such was not the case and entirely rebutted the statutory presumption of negligence by uncontradicted and unimpeached testimony, showing there was no negligence.

### AUTHORITIES CITED.

Southern Railway Company in Kentucky v. Forsythe, 23 Ky. Law Rep., 944; McGhee, Receiver v. Gaines, 98 Ky., 184, 185, 209; Kentucky Central R. R. Co. v. Talbot, 78 Ky., 622; L. & N. R. R. Co. v. Montgomery, 14 Ky. Law Rep., 622; L. & N. R. R. Co. v. McGary's Adm'r., 104 Ky., 516; Hughes v. Cincinnati, &c., R. R. Co., 91 Ky., 526, 530 and 531; Hayes v. Ferry R. R. Co., 97 N. Y., 259; Louisville Gas Co. v. Kaufman, Straus & Co., 20 Ky. Law Rep., 1069.

J. T. WILSON AND W. C. BELL, FOR APPELLEES.

1. There is nothing before the court on this appeal except the single question: Is the judgment of the lower court sustained by the evidence? On this inquiry the following principle applies to-wit: The appellate court will not reverse unless the verdict is palpably against the weight of the evidence. Urso v. Unverzagt, 2 R., 278; Calahan v. Murphy, 3 R., 618; Stewart v. Nelson, 3 R., 390;; Gayheart v. Paten, 14 R., 570; Hargis v. Bracken, 3 R., 255; Diamond v. Clem, 3 R., 619; Wood v. Robertson, 13 R., 496; Helfeich, &c. v. Render, 14 R., 624; Cin. & Ry. Co. v. Stakehouse, 14 R., 926; Mut. Life Ins. Co. of N. Y. v. Thompson, 94 Ky., 253; Thompson v. Thompson, 93 Ky., 435; Miles v. Sanders, 8 R., 689.

2. This principle is made even stronger where there has been a reversal, a second trial, and another verdict for appellee. L. & N. Ry. Co v. Camden, 10 R., 544; Sam v. Connelly, 9 R., 993; Same v. Graves' Assignee, 78 Ky., 77; Dorsey v. Dougherty, 1 Mar., 183; Bennett v. Runyan, 4 Dana, 422.

3. The testimony on this trial for appellee is made stronger and clearer, while on the other hand the expert testimony of appellant was materially weakened, if not entirely destroyed.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

On a former appeal (64 S. W., 506), 23 R., 942, the judgment was reversed because, in our opinion, the verdict was palpably against the weight of the evidence. Upon the next trial the jury again found for appellees. On this appeal the court is asked to reverse the judgment for the same reason.

Whether or not the evidence is exactly the same we have not thought necessary to examine into, although we notice on this hearing certain facts not adverted to before, which from their nature must have had an appreciable and proper effect upon the jury. It would not be profitable to go into a minute review of the evidence. It was wholly circumstantial. It supports a theory of the killing of the colt consistent with the jury's finding, and tends to refute any other reasonable theory of the occurrence. Even as the case appeared to us when here before, we thought the question one properly for the jury, and would not say that a peremptory instruction because of a total failure of evidence should have gone. It is the business of the jury to try the fact. That of the judge is to see that none but competent and relevant evidence tending to establish or disprove it is admitted to them, and to give them information, in the way of instructions, as to the law under which they must apply the evidence. In common-law trials the jury is not regarded as helpers to the judge. When all the facts at all admit of a conclusion to which the jury comes, and which is permitted by the law, their finding is more than persuasive. It is obligatory upon the judge, except that, if he should believe it against the weight of the evidence, he may order another trial. This court can do this only if the verdict is palpably against the evidence. So that when two or more verdicts agree in establishing a disputed fact, and the trial judge who heard the

case refuses to set the verdict aside on the ground that it is against the weight of the evidence, thereby concurring in the jury's conclusion, it is harder for the appellate tribunal to say that the verdict is palpably against the evidence. Under such conditions the court derives material help from the repeated verdicts of juries. They show that the same circumstances have impressed the minds of at least twenty-four impartial triers of the fact in the same way; that all these men have, from their common experience as practical men of affairs, found that the circumstances given in evidence usually resulted from or lead to the fact established by the verdict in the case. It is this practical experience, and the kind of judgment it begets, that is one of the most valued aids of trial by jury. If we could say there was no evidence to support the verdict, we would unhesitatingly set the verdict aside again. But there is a wide difference—one easily seen—between no evidence and conflicting evidence. Under the conflict of evidence, and from its nature, the cumulative verdict clears away the former doubts, and establishes the actionable facts in this case.

Judgment affirmed, with damages.